Marcus BYNUM, et al Plaintiffs

v.

**GOVERNMENT OF THE DISTRICT OF COLUMBIA, Defendant**

**No. CIV.A. 02–956(RCL).**

United States District Court, District of Columbia.

Aug. 31, 2005.

William Claiborne, Washington, DC, Barrett S. Litt, Litt, Estuar, Harrison, Miller & Kitson, LLP, Los Angeles, CA, Lynn Cunningham, Professor of Clinical Law, Dubois, WY, for Plaintiffs.

Maria C. Amato, Senior Assistant Attorney General, Civil Litigation Division, Richard S. Love, Chief, Equity I, Civil Litigation Division, Equity Section I, George C. Valentine, Deputy Attorney General, Civil Litigation Division, Washington, DC, for District of Columbia.

## ORDER PRELIMINARILY APPROVING SETTLEMENT, CLASS NOTICE AND NOTICE OF HEARING

LAMBERTH, District Judge.

Upon review and consideration of the Settlement Agreement and the exhibits attached thereto (the "Settlement Agreement") made and entered into on June 16, 2005, as amended June 22, 2005 and August 31, 2005, between the Named Plaintiffs in the above-captioned action (the "Class Representatives"), individually and as representative of the classes certified by this Order, and the District of Columbia ("Defendant"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**PRELIMINARY APPROVAL OF SETTLEMENT**

1. This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to

this Order, and also incorporates Exhibits C through E, as amended August 31, 2005, thereto. All terms defined therein shall have the same meaning in this Order.

2. The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement amount of $12,000,000.00 is within the range such that final settlement approval may be appropriate, following notice to the Class and after consideration of any objections. The Court preliminarily finds that the terms of the Settlement Agreement are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

## DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT–OUTS, AND DATE OF FAIRNESS HEARING

3. The Court has set the following dates for purposes of this class action

a. Final class identifying information must be provided to class counsel in computerized form by the District of Columbia by September 20, 2005;

b. Mailing Class and Settlement Notice to Class: Must be postmarked by October 20, 2005;

c. E-mailing Class and Settlement Notice on Superior Court Trial Lawyers Association list serve: By October 20, 2005;

d. Posting the Notice (along with extra copies of the Claim Form) by the District of Columbia on each Unit of the D.C. Jail and the Correctional Treatment Facility: By October 20, 2005;

e. Publication of summary notice by other methods: effected by November 7, 2005;

f. Filing of Plaintiffs' Motion for Award of Attorney's Fees and Costs: Must be filed by November 7, 2005;

g. Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorney's Fees and Costs): Must be filed by December 23, 2005;

h. Deadline to opt-out: Must be postmarked or received by December 23, 2005;

i. Deadline for filing class claims: Must be postmarked or received by December 23, 2005;

j. Filing of Opposition or Reply to Objections (including to objections to award of attorney's fees and costs): Must be filed by January 20, 2006; and

k. Final Approval Hearing: January 20, 2006 at 10:00 a.m.

4. In the event that the class notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

## CERTIFICATION OF OVERDETENTION CLASS AND STRIP SEARCH CLASS

5. The Court has previously certified both an Overdetention Class and a Strip Search Class under both Fed.R.Civ.P. 23(b)(2) and (b)(3). This is a hybrid class action, certified under Fed.R.Civ.P. 23(b)(2) with regard to seeking injunctive relief on over-detentions, and strip searches of inmates under the definition of the strip search class set forth herein. Therefore, regarding prospective injunctive relief, no member of the class may opt-out. With regards to monetary relief,

the class is certified under Fed.R.Civ.P. 23(b)(3) and class members have a right to opt out of the monetary relief stage.

The Over–Detention Injunctive Relief Class is defined as:

(a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility beginning in the three years preceding the filing of this action on or about May 16, 2002 up to and until the date this case is terminated; and (b) who was not released, or, in the future will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

The Over–Detention Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

The Strip Search Injunctive Relief Class is defined as:

Each person who, beginning in the three years, preceding the filing of this action, up until the date this case is terminated, has been, is or will be (i) in the custody of the Department of Corrections; (ii) taken to Court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was returned to a Department of Corrections facility, to be processed out of Department of Corrections custody; and (v) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was over-detained.

The Strip Search Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

## CLASS–WIDE PROSPECTIVE RELIEF STRIP SEARCH CLASS

6. The plaintiffs' claims for prospective relief regarding the strip search class will be resolved by the D.C. Department of Corrections' plan to divert inmates ordered released or otherwise entitled to release from the Superior Court of the District of Columbia to a secure location outside of the open population of the D.C. Jail or another location where they will not be subject to a strip search, absent individualized suspicion, while the record review for detainers and warrants and property retrieval are conducted prior to release. This process shall be implemented on or before August 31, 2005. The Monetary Relief Strip Search Class will extend through that date.

7. The parties will defer the initiation of class notice until after August 31, 2005.

8. If the District has not accomplished the change in the strip search procedure by August 31, 2005, then any persons strip searched after that time will have a new claim for that subsequent search, which is not covered by this settlement. .

9. In addition, the Strip Search Injunctive Relief Class and class counsel will be free at that point to pursue litigation in this case to enjoin the District's continuing Strip Search policy, and the District will be free to oppose it. Any fees awarded to the class as prevailing parties for such litigation shall be separate from the Class Fund Attorney's Fees.

## CLASS REPRESENTATIVES

10. Marcus Bynum, Kim Nabinette, Leroy S. Thomas, Dianne Johnson, Gloria Scarborough, and Julian Ford are hereby

confirmed as Class Representatives for the Class.

**CLASS COUNSEL**

11. William Claiborne and Lynn Cunningham are hereby confirmed as counsel, and Barrett S. Litt is hereby appointed as counsel, for the Class Representatives and the Class ("Class Counsel"). The contact information for Class Counsel follows below:

| William Claiborne | Lynn Cunningham | Barrett S. Litt |
|---|---|---|
| Law Offices of William Claiborne | Professor of Clinical Law | Litt, Estuar, Harrison, Miller & Kitson, LLP |
| 717 D Street, NW | The George Washington University Law School | 1055 Wilshire Blvd., |
| Suite 210 | 306 Westview Drive | Ste # 1880 |
| Washington, D.C. 20004 | P.O. Box 1547 | Los Angeles, CA 90010 |
| Phone: 202–824–0700 | Dubois, Wyoming 82513 | Phone: 213–386–3114 |
| Fax: 202–824–0745 | Phone: (307) 455–3334 | Fax: 213–380–4585 |
| | Fax: | |

12. Pursuant to F.R. Civ. P. Rule 23(g)(1)(C)(i), the Court considered the following points in appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, based in part on affidavits submitted by counsel in support of their motions to certify (3) counsel's knowledge of the applicable law, (4) the resources counsel committed to representing the class; as well as other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class. The Court finds that Plaintiffs' counsel have done extensive research in this case, including taking numerous depositions and affidavits and interviewing numerous persons who have knowledge of the case, and thoroughly analyzing the computer records of the District of Columbia. Plaintiffs' counsel are competent to represent the members of the class.

13. Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

14. Class Counsel shall make an application for Class Fund Attorneys' Fees (that portion of the Class Fund awarded as attorney's fees and costs to Class Counsel). Litigation costs and the costs of class notice and administration shall constitute a cost separate from attorneys fees and will be paid separately from the attorney's fees out of the Settlement Funds. The amount of litigation costs and the costs of class notice and administration, which will be determined by the Court, will be paid from the portion of the Settlement Funds that are to be distributed to class members (as opposed to the reversion fund).

**CLASS AND SETTLEMENT NOTICE**

15. Class Counsel shall (1) provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above; (2) cause the Class and Settlement Notice to be published by e-mail on the list serve of any relevant lawyers' associations representing indigent defendants in the District of Columbia Superior Court; and (3) cause publication in the form of a modified and shortened form of the Class Notice at least in the following newspapers: Washington Post, Washington Times and the City Paper, as well as up to three regional newspapers as plaintiffs shall determine, in consultation with the Class Administra-

tor, are reasonably necessary to provide notice to the class, not to exceed three regional newspapers, unless plaintiffs obtain consent from defendant, which shall not be unreasonably withheld, or approval from the court. The notice shall be published twice a week for two weeks, in the section of the newspaper ordinarily devoted to local news, and on at least one Sunday for each newspaper with a Sunday edition.

16. Defendant shall post the Class Notice on each Unit of the D.C. Jail and the Correctional Treatment Facility, along with extra copies of the Claim Form. The Notice shall remain posted until the period for class members to return the Claim Form has expired.

17. No later than July 30, 2005, the District of Columbia shall make available, to the extent that such information has not already been provided, the name, address, social security number, date of birth and driver's license information of class members, to the extent it exists and is reasonably available from its records, to Class Counsel, to be forwarded to the Class Administrator in computerized form to the extent it exists in computerized form, to facilitate locating class members. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, the Class Administrator, and such representatives of the District of Columbia.

18. Defendant shall make available to plaintiffs' counsel from the JACCS and CIS computer databases, and other databases, and paper records, information reasonably necessary for administration and verification of claims, to the extent necessary and reasonably accessible.

19. The District of Columbia undertakes to use reasonable efforts to assist Plaintiffs in obtaining from Court Services and Offender Supervision Agency ("CSOSA") prior to the deadline for sending notice, upon a written request from Class Counsel the most recent address, social security number, date of birth and driver's license information, to the extent reasonably available, in computerized form, of the Class Members, so that the data can be provided to the Class Administrator.

20. At least 15 days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by Class Counsel or the Class Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class. This shall be filed no less than 10 days prior to the hearing in this case.

21. The Court approves the Class and Settlement Notice attached as Exhibit C.

22. The Court approves the Claim Form attached as Exhibit D to the Settlement Agreement.

23. The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

**THE CLASS ADMINISTRATOR**

24. The Court approves Class Counsel's retention of Rosenthal & Company as Class Administrator, to administer the distribution of the Class and Settlement Notice and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the Allocation And Distribution Plan set out in the Final Order of Approval of Settlement.

25. The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2006, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties.

26. The Class Administrator shall be compensated from the portion of the Settlement Funds separate from the Class Fund Attorneys' Fees for its services in connection with notice and administration and for the costs of giving mailed and published notice, pursuant to such orders as the Court may enter from time to time.

27. The District shall pay to the Class Administrator the costs of preparing and publishing the Class Notice and other expenses related to the publication and distribution of notice to the class. The Class Administrator shall provide an estimate of the costs of notice no later than July 20, 2005, and the necessary funds shall be paid to the Class Administrator no later than August 8, 2005, and supplemented in the event the Class Administrator provides a supplemental estimate. Any such payments shall be credited against the $12 Million Class Settlement. However, if for any reason this settlement is not ultimately approved, the District shall have no claim against Plaintiffs, the Class, Class Counsel or the Class Administrator for reimbursement of the costs of notice and related costs for which it advanced funds, except to be credited in any subsequent settlement of this case.

**THE FAIRNESS HEARING**

28. A Fairness Hearing shall be held on January 30, 2006 at 10:00 a.m., to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether the Final Order of Approval of Settlement, attached as Exhibit E to the accompanying Settlement Agreement, should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

29. The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's web site.

30. Any Class Member who objects to the approval of the Settlement Agreement, the Fee Motion, the Named Plaintiffs' Distribution or the Allocation And Distribution Plan may appear at the Fairness Hearing and show cause why the Settlement Agreement, the Fee Petition, the Named Plaintiffs' Distribution or the Allocation And Distribution Plan should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval of Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, at least two weeks before the Fairness Hearing, (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the Settlement Agreement, the Fee Petition, the Named Plaintiffs' Distribution and/or the Allocation and Distribution Plan, and all documentation, papers, or briefs in support of such objection; and on the same date (b) serves upon all Counsel to the Parties (as listed in the Notice of Proposed Settlement), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include information demonstrat-

ing that the objector is a Class Member, including name, address, date of arrest to the extent known, Driver's License number and Social Security number. Final determination of whether any such objector is a class member who has standing to object shall be determined solely from the Defendant's (including Superior Court) records, as supplemented by CSOSA records. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

31. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

32. In the event of final approval of the Settlement Agreement, all Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

**OTHER PROVISIONS**

33. In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendant, and Class Members.

*SETTLEMENT AGREEMENT*

This is a class action arising under § 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs seek monetary damages and injunctive relief for defendant's alleged violations of the fourth, fifth and eight amendments to the U.S. Constitution. The plaintiffs are prisoners of the D.C. Department of Corrections alleging that the District of Columbia (hereafter also "District" or "D.C.") has a pattern, practice and policy of subjecting inmates to over-detention and subjecting in-custody defendants ordered released at their court appearances to strip searches upon their return to the D.C. Jail for processing of records and property before release. The named plaintiffs are Marcus Bynum, Kim Nabinette, Leroy S. Thomas, Dianne Johnson, Gloria Scarborough, and Julian Ford.

The Over–Detention Injunctive Relief Class is defined as:

(a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility beginning in the three years preceding the filing of this action on or about May 16, 2002 up to and until August 31, 2005; and (b) who was not released, or, in the future will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

The Over–Detention Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

The Strip Search Injunctive Relief Class is defined as:

Each person who, beginning in the three years, preceding the filing of this action, up until the date this case is terminated, has been, is or will be (i) in the custody of the Department of Corrections; (ii) taken to Court from a Department of Correc-

tions facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was returned to the DC Jail or CTF from court, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was over-detained.

The Strip Search Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

In the interest of avoiding expense, delay and inconvenience of further litigation of issues raised in this action, in the absence of any admission of liability by defendant, and in reliance upon the representations contained herein, and in consideration of the mutual promises, covenants and obligations in this Agreement, and for good and valuable consideration, plaintiffs and defendant, through their undersigned counsel, agree and stipulate as follows:

## I. Definitions and General Provisions

### A. *Definitions*

."Class Administrator"—A firm to be chosen by agreement of the parties, or appointment of the court if the parties cannot agree, to administer the claims process. Any firm so chosen must specialize in such work.

."Plaintiff class" or "Class Member(s)"—All Class Members

."Named plaintiffs" or "Class Representatives"—The original named plaintiffs in the Amended Complaint to this suit:

."Claimant(s)"—Class members who actually file claims pursuant to the procedures set forth in this Agreement.

."Class Fund or Class Settlement"—Lump sum payment to be paid by the defendant, totaling $12,000,000, which will be paid and/or distributed and allocated as further described in this Agreement.

."Class Fund Attorneys' Fees"—That portion of the Class Fund awarded as attorney's fees and costs to Class Counsel. Litigation costs and the costs of class notice and administration shall constitute a separate cost and will be paid separately from the attorney's fees. The amount of these fees, which will be determined by the Court, will be paid from the portion of the Settlement Fund that is to be distributed to class members (as opposed to the reversion fund).

."Defendant"—The District of Columbia

."Department"—The D.C. Department of Corrections.

."Fairness Hearing"—The final hearing on the fairness of this Settlement in the District Court, at which the Court will determine whether to approve it.

."Named Plaintiffs' Distribution"—The amount of the Class Fund to be distributed to the Named Plaintiffs.

."*Plaintiffs*" - As the term "Plaintiffs" is used in this document and Exhibit B (the Preliminary Approval Order), it refers to all class members. In Exhibit D (the Final Approval Order), it refers to all class members who have not opted out.

."Preliminary District Court approval"—The date, following submission of this Settlement Agreement to the Court by the parties but prior to the conduct of a Fairness Hearing, on which the Court grants

initial approval of the Settlement Agreement.

."Final District Court approval"—The date, following submission of this Settlement Agreement to the Court by the parties, and after conduct of a Fairness Hearing, on which the District Court grants final approval of the Settlement Agreement.

."Plaintiffs' counsel," "Counsel for plaintiffs," or "Class Counsel"—The counsel of record for the plaintiff class. They are William Claiborne, Lynn Cunningham and Barrett Litt, Attorneys at Law.

."Counsel for the parties"—Counsel for plaintiffs and counsel for the defendant.

B. *General Provisions*

1. This Settlement Agreement is not an order of the Court, but a contract, and all of its provisions are enforceable by the parties under contract law.

2. This is a hybrid class action, certified under Fed.R.Civ.P. 23(b)(2) with regard to seeking injunctive relief on over-detention and strip searches of inmates under the definition of the strip search class set forth, supra. Therefore, regarding prospective injunctive relief, no member of the class may opt-out. With regards to monetary relief, the class is certified under Fed.R.Civ.P. 23(b)(3) and class members have a right to opt out of the monetary relief stage. The parties agree that the monetary relief shall compensate for all alleged violations of rights and all claims and any other incidents of incarceration by the plaintiff class members that were or could have been brought in this civil action under any theory of liability for any claims related to allegedly unlawful over-detentions and strip searches, except as to monetary damages for those class members who choose to opt out.

3. This Settlement Agreement comprises the full and exclusive agreement of the parties with respect to the matters discussed herein. This agreement incorporates and supersedes any other agreements. No representations or inducements to compromise this action have been made, other than those recited in this Agreement.

II. Class-wide Prospective Relief

A. *Strip Search Class*

1. The plaintiffs' claims for prospective relief regarding the strip search class will be resolved by the D.C. Department of Corrections' plan to divert inmates ordered released or otherwise entitled to release from the Superior Court of the District of Columbia to a secure location outside of the open population of the D.C. Jail or another location where they will not be subject to a strip search, absent individualized suspicion, while the record review for detainers and warrants and property retrieval are conducted prior to release. This process shall be implemented on or before August 31, 2005. The Monetary Relief Strip Search Class will extend through that date.

2. The parties will defer the initiation of class notice until after August 31, 2005.

3. If the District has not accomplished the change in the strip search procedure by August 31, 2005, then any persons strip searched after that time will have a new claim for that subsequent search, which is not covered by this settlement.

4. In addition, in the scenario set forth in paragraph 3 immediately above, the Strip Search Injunctive Relief Class and class counsel will be free at that point to pursue additional litigation in this case to enjoin the District's continuing Strip Search policy, and the District will be free to oppose it. Any fees awarded to the class as prevailing parties for such litigation shall be separate from the Class Fund Attorney's Fees.

5. The parties note that the court has previously entered orders certifying both an Over-detention and Strip Search class; that no material modifications have been made to that definition; that the court has made the findings necessary to support the certification and no further findings are necessary in this regard; and that the Class Counsel listed above were appointed at that time as counsel for the class.

B. *Successors*

The terms of the Agreement shall each be binding on the Plaintiffs and the District of Columbia, and their successors and assigns, subject to the modification clause set forth in Section C, below.

C. *Modification as a Result of Changes in Applicable Law*

The parties recognize that, following execution of this Agreement, there may be changes in controlling law that warrant modification. The Settlement Agreement shall be subject to modification by the Court upon the application of either party based on changes in applicable state or federal law after August 31, 2005, as it relates to injunctive relief. No modification shall apply as it relates to monetary relief.

III. Class-wide Monetary Relief

A. *Monetary Payments*

1. Within 45 days of the Final District Court approval of this settlement, the District will pay the sum of $12 million ("the Settlement Funds"), less the costs advanced by the District for preparation and publication of the Class Notice and related administrative expenses, which amount shall be deemed to be in exchange for a full and final release of all claims to be contained in the Final Order of Approval of Settlement. The payment will be such that the funds will be deposited and cleared through the appropriate accounts within that 45-day period. How the funds will be used and allocated is addressed in ¶¶ III(A)(3-6) below.

2. If no appeal or a petition for writ of certiorari to the Supreme Court of the United States has been filed, then the settlement funds will be paid on the timetable set forth in the preceding paragraph. If an appeal or a petition for writ of certiorari to the Supreme Court of the United States has been filed, then the District shall distribute the Settlement Funds in accordance with the provisions of ¶¶ III(A)(3-6) below within 30 days of the date that all appellate avenues of review have been exhausted, including Supreme Court review, if the settlement is ultimately approved. If the result of the appeal or Supreme Court review is that the settlement is not ultimately approved, then the case shall revert to active litigation, and the District shall have no responsibility to pay any Settlement Funds not previously paid for the costs of class notice and related administrative expenses.

3. The parties agree that $3 million of the $12 million payment referenced above will revert to the D.C. Department of Corrections to be spent on programs and services which relate to the subject of this complaint (hereafter "reversion fund"). These funds may be spent on new staff, services, construction, technology, equipment, programs or other activities otherwise necessary to improve or assist in processing inmates for release of inmates and to reduce incidents of over-detention and the need to strip search, without individualized suspicion, inmates who meet the definition of the strip search class. It is understood that the reversion fund exists to fund the injunctive relief changes necessary to eliminate the over-detentions and strips searches that are the subject of this lawsuit and will be for new programs or activities not previously budgeted (and specifically not as a part of the general budget). The mediators in the case will work with the parties to identify specifically how and when the reversionary amount will be spent. If, by August 31, 2005, the parties have been unable to agree specifically how all of these funds will be spent, either side may submit its proposals to the Court, which will then decide how to spend any amount not otherwise agreed to based on the criteria set forth above. This decision will be binding and may not be appealed by either side.

4. The parties agree that the injunctive relief objective of this agreement is the elimination of over-detentions and court release strip searches. To that end, the District will, for a period of two years, provide to Class Counsel annually a report on whether 1) it has strip searched any court returns entitled to release absent individualized reasonable suspicion to do so, and whether 2) it has released any detainees or inmates more than 24 hours after the time they become entitled to release, and the reasons therefore.

5. The parties agree that the settlement amount shall include all attorneys' fees and costs. Plaintiffs intend to submit a petition for attorneys' fees and costs to the Court for the sum of $4 million dollars. Defendant takes no position regarding the Plaintiffs' petition for attorneys' fees and costs. If the Court awards less than $4 million for the plaintiffs' attorneys' fees costs, the remainder of the $4 million shall revert to the District of Columbia on programs and services that relate to the subject of this complaint, and shall be subject to the same terms as are set forth in ¶ III(A)(3) above.

6. The parties agree that $5 million dollars of the settlement amount shall be used for the compensation of the plaintiffs and for the administration and distribution of the monetary compensation fund, including the claims verification procedure. The plaintiffs will develop a plan of distribution to address all of the plaintiffs' claims and that plan shall be submitted to the Court for approval. The claims procedure shall include a verification process to ensure that claimants are members of one or both classes, and the length of the claimants' over-detention. The Claims Administrator and Class Counsel will distribute this money according to the terms of the Final Order of Approval of Settlement. Plaintiffs shall use their best efforts to insure that distribution of the set-

tlement amount will occur in such a way so that no residual amount (of the $5 million compensation fund) will remain following final distribution. However, if some residual happens to remain after reasonable efforts to distribute funds to class members who have filed claims have been exhausted, the residual amount will revert to the reversion fund defined in ¶ III(A)(3) above.

IV. Procedures for Approval of the Final Settlement Agreement

A. *Application for Preliminary Approval*

The parties will apply for Preliminary Approval of the Settlement Agreement by June 16, 2005. At that time, the proposed Order of Final Approval of Settlement will be presented to the court. A hearing will be held within 30 days thereafter, at which time the court will make a preliminary determination that the settlement appears fair, adequate and just; determine whether it will approve the class notice; and set a date for the Fairness Hearing and any other dates that need to be determined.

B. *Notice to Potential Claimants*

1. Application for Preliminary District Court approval shall occur as soon as is practicable. However, since the definition of the Monetary Relief classes (both Over-detention and Strip Search) extends through August 31, 2005, notice will be sent as soon as practicable after that date. At that time, a copy of the Notice (set forth in Exhibit C) and the Claim Form (set forth in Exhibit D) shall be distributed to every person identified as a class member.

2. Plaintiffs will distribute the Notice and Claim Form by first class mail to the last known address of each class member.

3. The District will pay to the Class Administrator the costs of preparing and publishing the Class Notice and other expenses related to the publication and distribution of notice to the class. The Class Administrator shall provide an estimate of the costs of notice no later than July 20, 2005, and the necessary funds shall be paid to the Class Administrator no later than August 8, 2005, and supplemented in the event the Class Administrator provides a supplemental estimate. Any such payments shall be credited against the $12 Million Class Settlement. However, if for any reason this settlement is not ultimately approved, the District shall have no claim against Plaintiffs, the Class or Class Counsel for reimbursement of the costs of notice and related costs for which it advanced funds, except to be credited in any subsequent settlement of this case.

4. A modified and shortened form of the Class Notice shall be published by plaintiffs at least in the following newspapers: Washington Post, Washington Times and the City Paper, as well as such regional newspapers as plaintiffs shall determine, in consultation with the Class Administrator, are reasonably necessary to provide notice to the class, not to exceed three regional newspapers, unless plaintiffs obtain consent from defendants, which shall not be unreasonably withheld, or approval from the court. The notice shall be published twice a week for two weeks, in the section of the newspaper ordinarily devoted to local news. Publication shall occur on at least

one Sunday for each newspaper with a Sunday edition.

5. Defendant shall post the Notice on each Unit of the D.C. Jail and the Correctional Treatment Facility, along with extra copies of the Claim Form. The Notice shall remain posted until the period for class members to return the Claim Form has expired.

## C. *Deadline for Submitting Claim Forms and to Opt Out*

1. The Class Notice shall advise Class Members that they must file a claim form or opt out by a date certain, or they will nonetheless be bound by the settlement, which date will be at least 60 days from the time the initial notices are sent out. Any class member wishing to pursue a claim must file a Claim Form by that date in order to participate in the Class Distribution. Claim forms must be postmarked or received in hand by that date. Any class member wishing to opt out of this Settlement Agreement must similarly have either sent a an opt out letter postmarked, or delivered by hand, by that date.

## D. *Submission of Materials Preliminary to the Fairness Hearing.*

Within at least 15 days before the Fairness Hearing, Plaintiffs will file a report with the Court on the number of claims received and the number of class members who have elected to opt out of the Settlement Agreement.

## E. *Objections*

Any person who wishes to object to the terms of this Settlement Agreement will be required, not less than 30 days prior to the Fairness Hearing, to submit a written statement to the Court, with copies to counsel for the parties, setting forth his or her objections. The statement shall contain the individual's name, address and telephone number, along with a statement of his or her objection(s) to the Settlement Agreement and the reason(s) for the objection(s). The parties shall file a response to any such objections at least 15 days prior to the Fairness Hearing.

## F. *Severability*

The parties do not intend this Agreement to be severable; if it is not approved in its entirety, either side may withdraw from it within 10 days of the court's determination that it will not accept the settlement agreement as is and the court's indication of the specific modifications to it, in which case this agreement will be null and void.

## V. Administrative Issues

1. Plaintiffs, acting through Class Counsel and the Class Administrator, shall have sole responsibility for determining the class distribution formula, the weight to be given to various factors, and the proportionate distribution between Over-detention and Strip Search Class members, for distribution of the monetary portion of the settlement going to class members, subject to ultimate approval approved by the Court. The Defendant shall take no position on these issues.

2. The Distribution system that Plaintiffs will propose to the court will be a point system that will rely solely

on on the information obtained from the Defendant's (including Superior Court) records, as supplemented by CSOSA records, with the exception of the Named Plaintiffs.

3. No later than July 30, 2005, the District of Columbia shall make available, to the extent that such information has not already been provided, the name, address, social security number, date of birth and driver's license information of class members, to the extent it exists and is reasonably available from its records, to Class Counsel, to be forwarded to the Class Administrator in computerized form (to the extent it exists in computerized form), to facilitate locating class members. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, the Class Administrator, and such representatives of the District of Columbia and, to the extent provided by court orders and agreement of counsel, counsel of record in *Watson v. District of Columbia*, Case No. 02–980 (GK–JMF). This information shall cover the class period until June 30, 2005. The period July 1 to August 31, 2005, shall be provided in a supplemental submission by no later than September 10, 2005.

4. Defendant shall make available to plaintiffs' counsel from the JACCS and CIS computer databases, and other databases, and paper records, information reasonably necessary for administration and verification of claims, to the extent necessary and reasonably accessible.

5. The Defendant undertakes to use reasonable efforts to assist Plaintiffs in obtaining from Court Services and Offender Supervision Agency ("CSOSA") prior to the deadline for sending notice, upon a written request from Class Counsel the most recent address, social security number, date of birth and driver's license information, to the extent reasonably available, in computerized form, of the Class Members, so that the data can be provided to the Class Administrator.

6. Plaintiffs will use their best efforts to insure that distribution of the settlement amount will occur in such a way as to insure that no residual amount of money will remain following final distribution. This will likely include a second round of distribution to class members who have filed claims for amounts allocated to class members who do file claims but then become unavailable. If some residual happens to remain after all reasonable efforts to distribute funds to class members who have filed claims have been exhausted, stemming from the accrual of interest, for example, this will revert to the reversion fund defined in ¶ III(A)(3) above.

7. The reversion of any portion of the class fund to the District of Columbia does not affect the amount of the class fund for purposes of determining the percentage of attorney's fees to be paid class counsel (see Definition of Class Fund Attorney's Fees, above) or the timing of that payment.

VI. Non-admission

The plaintiffs allege in their Amended Complaint that the Department has en-

gaged in a pattern and practice of over-detention and unlawful strip searching. Defendant denies those allegations. Entry of the Agreement does not operate as an admission of liability by the D.C. Department of Corrections or the District of Columbia of Plaintiffs' allegations.

DATED: _____

DATED: _____

DATED: _____

DATED: _____

DATED: _____

VII. Amendments

With the consent of the parties, additional provisions may be added to this Settlement Agreement if needed to assure appropriate implementation and court approval.

Signed and Agreed to by:

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

RICHARD S. LOVE [340455]
Chief, Equity I

MARIA C. AMATO
D.C. Bar # 414935
Counsel for District of Columbia
Senior Assistant Attorney General
Civil Litigation Division, Equity Section I
441 4th Street, N.W., 6th Floor South
Washington, D.C. 2001
Phone 202/724-6642
Fax: 202/727-0431

William Clairborne (446579)
717 D Street, N.W., Suite 210
Washington, D.C. 20004
Ph: 202-824-0700
Fax: 202-824-0745
Attorneys for Plaintiff Class

Lynn Cunningham (221598)
306 Westview Drive
P.O. Box 1547
Dubois, Wyoming 82513
Ph: 307-455-3334
Fax:
Attorneys for Plaintiff Class

Barrett S. Litt
Paul Estuar
Litt, Estuar et al.
1055 Whilshire Boulevard, Suite 1880
Los Angeles, CA 90010
Ph: 213-386-3114x217
Fax: 213-380-4585
Attorneys for Plaintiff Class

EXHIBIT C

CLASS AND SETTLEMENT NOTICE

## NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE: BYNUM V. DISTRICT OF COLUMBIA, ET AL., CASE NO. 02–956(RCL).

THIS CLASS AND SETTLEMENT NOTICE IS AVAILABLE IN SPANISH. CALL TOLL–FREE: _____. IF, BETWEEN THE DATES OF MAY 16, 1999, AND AUGUST 31, 2005, YOU WERE IN ANY DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS FACILITY, AND EITHER 1) YOU WERE NOT RELEASED BY MIDNIGHT OF THE DAY YOU BECAME ENTITLED TO RELEASE BY COURT ORDER OR EXPIRATION OF SENTENCE, OR 2) YOU APPEARED IN COURT AND THE JUDGE ORDERED YOU RELEASED, AND THERE WAS NO OTHER REASON FOR THE DISTRICT OF COLUMBIA TO DETAIN YOU, BUT YOU WERE STRIP SEARCHED BEFORE YOUR RELEASE,

### YOU MAY BE A CLASS MEMBER AND ENTITLED TO MONEY.

There is currently pending a class action lawsuit in the United States District Court, District of Columbia. The Court has certified the case as a class action. If the proposed settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

District of Columbia records show that you may be a CLASS MEMBER. Therefore, you may be eligible to receive MONEY. To receive any money in this pending settlement, you must fill out and mail a Claim Form.

Your Claim Form must be postmarked or delivered in hand no later than December 23, 2005.

If you wish to "opt-out," or be excluded from the settlement, your opt-out letter must be postmarked or delivered in hand by December 23, 2005.

Even if you do not submit a claim form(s) or opt out by the above deadline, you will nonetheless be bound by the settlement.

### If You Wish to Claim Money, Fill out and Mail the Enclosed Claim Form Today.

If you receive more than one claim form, sign and file *all* claim forms you receive.

Below is a series of questions and answers designed to explain to you information about this lawsuit, including how to proceed to file a claim or otherwise participate in the settlement process.

1. What Is The Class Action Lawsuit About?

This lawsuit involves the alleged policy and/or practice of the District of Columbia Department of Corrections of either (1) holding inmates an unreasonable time after their release dates, or (2) strip searching inmates after they appeared in court and became entitled to release.

2. Who Is A Member Of The Class?

You are a member of the class if you meet the class definition (summarized above and set forth fully in the judge's orders) and your claim can be verified from the records of the District of Columbia (including the records of the Superior Court of the District of Columbia).

The District of Columbia or the Superior Court of the District of Columbia must have a record of your being in custody such that officials can identify you individually by true name and other methods of identification and ascertain that you qualify as someone who was either detained too long or strip searched after having become entitled to release. Such records are the final determinant of who qualifies as a member of the class.

### 3. What Is The Purpose Of This Notice?

You have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to everyone who is or may be a member of the class based upon the last known address available from the records of the District of Columbia, and otherwise publicized to reach class members.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are obtained, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the District of Columbia. The case is known as *Bynum v. District of Columbia*, et al., Case No. 02–956(RCL). The people who brought the case are called Plaintiffs, and the people they sued are called Defendants.

### 4. Why Is This A Class Action?

In a class action, one or more person(s), called the Class Representative(s), sue on behalf of a group of people who have similar claims—the class members. One court then resolves the issues for all class members, except for those who exclude themselves from the class.

### 5. Why Is There A Settlement?

Although the Court has not decided whether the claims in this lawsuit are correct, both sides have agreed to a Settlement. That way, both sides are able to avoid the risks and costs of a trial, the case can be resolved and the benefits of the Settlement can be made immediately available to the Class Members. The Class Representatives and their attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter.

### 6. Are There Lawyers Representing You?

The Court has approved three lawyers (called "Class Counsel") to collectively represent you. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement. Instead, the lawyers will seek payment from the fund obtained on behalf of the class, as is described further below. Only class counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a class member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 7. What Does The Settlement Provide?

The Settlement provides for payment of a total of $12,000,000. From the $12,000,000, the following awards will be made:

a. An award of attorney's fees and costs, in an amount not to exceed 1/3 of the $12,000,000 total. (In addition, the Class Counsel may seek an award of the costs of litigation, including the costs of this notice, of other aspects of the administration of the class and of litigating the case before settlement.)

b. Payment of $3,000,000 to be spent on District of Columbia programs and services to fund changes necessary to eliminate the over-detentions and strips searches that are the subject of this lawsuit. These funds will be for new programs or activities not previously budget-

ed (and specifically not as a part of the general budget), and may include new staff, services, construction, technology, equipment, programs or other activities otherwise necessary to meet the objective of the elimination of over-detentions and post-release strip searches.

c. Payment of a total not exceeding $200,000 to individuals who sought representation from Class Counsel and whose individual damages could be assessed prior to settlement. These plaintiffs will receive more under the Settlement than other class members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases.

d. Payment of the remainder, estimated to be approximately in the range of $4,500,000—$4,700,000, to the members of the class who file claims for payment, under a formula that takes into account a variety of issues (such as the length of any over-detention for those over-detained, and the nature of the arrest offense, prior arrest history, the outcome of the arrest, and the like for those strip searched).

The settlement also requires the District of Columbia to release detainees or inmates within 24 hours of the time they become entitled to release, and the District of Columbia will no longer strip search court returns who are entitled to release.

## 8. Will I Receive Anything From The Settlement?

If it is determined that you are a class member, and you file a claim within the time set by the Court, you will be entitled to receive compensation.

The amount you will receive if you do file a claim depends on a variety of factors, including whether and for how long you were over-detained, and, if you were strip searched, whether this was a first offense or not, whether you were charged or not,

and the nature of the matter on which you were arrested. The full description of the proposed system to determine how this determination will be made is contained in the Proposed Final Order of Settlement, which is contained on our website (_____).

## 9. What Do I Do To Get Money?

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form. Read the instructions on the Claim Form carefully. All Claim Forms must be completed and postmarked (or delivered in hand) by no later than December 23, 2005, but it is recommended that you complete and mail your Claim Form as soon as possible. If you do not timely and properly submit your Claim Form, you will not receive any money from the Settlement. If you need a copy of a Claim Form, please call 1–_____ (toll free), or write to the Bynum v. District of Columbia Settlement Administrator, P.O. Box _____, Novato, Calif. 94948–6177, or download the Form from the Internet at _____.com.

## 10. What If I Still Don't Know If I Am A Class Member?

If you are not sure whether you are included in the class, call 1–_____ or write to:

Bynum v. District of Columbia Settlement Administrator

P.O. Box _____

Novato, Calif. 94948–6177

Determinations of whether you are or are not a class member will be based exclusively on records of the District of Columbia (including the records of the Superior Court of the District of Columbia), and/or law enforcement records.

**11. How Much Will The Lawyers Be Paid?**

The Court has not yet decided how much Plaintiffs' Counsel will be paid (attorney's fees). However, Plaintiffs' Counsel will ask the Court for an award of reasonable fees in the amount of 1/3 of the total award, i.e., $4,000,000 of the $12,000,000. The Court may award less than that amount, but not more. You will not be asked personally to pay any Attorneys' Fees that the Court may award to Class Counsel. Only if you hire your own lawyer to represent you personally would you have to pay that attorney any fees. In addition, the amount of other expenses and costs incurred in pursuing this class action law suit will be paid from the Settlement. These expenses and costs are separate from and not included in the amount of any attorney's fees.

**12. Can I Exclude Myself From The Settlement?**

If you do not want to be a member of the Class, or if you want to be able to file your own lawsuit, or be part of a different lawsuit against the Defendant raising the claims involved in this lawsuit, then you must take steps to get out of the Class. This is called "excluding yourself" and sometimes is referred to as "opting out" of the Class.

**13. What Do I Do To Exclude Myself From The Lawsuit?**

To exclude yourself, you must send a letter by first-class mail clearly stating that you want to be excluded from *Bynum v. District of Columbia*. Be sure to include your name, address, telephone number and signature. The name and address of your attorney is not sufficient. You must mail your exclusion request, postmarked no later than December 23, 2005, to:

Bynum v. District of Columbia Settlement Administrator
P.O. Box _____
*Novato, Calif. 94948–6177*

You cannot exclude yourself on the phone or by email. If you are excluded, you will not be entitled to get any money from the settlement, and you cannot object to the Settlement. Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself, you give up all of your rights against the Defendant for the claims that are involved in this Settlement, even if you do not file a claim and do not receive money. In exchange, you receive the benefits of this settlement.

**14. What Is The Release Of Claims?**

As part of the Settlement, you release the claims covered by this lawsuit in exchange for the money you are entitled to receive if you do not exclude yourself from the class. The Proposed Final Order of Settlement (which you may view on the website for this lawsuit at _____) describes the legal claims against the Defendants you give up by staying in the Class (that is, if you do not exclude yourself as described in the question above entitled "What Do I Do To Exclude Myself From The Lawsuit?"). The Released Claims include all claims, demands, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and Attorneys' Fees, that were asserted in the complaint, specifically for the over-detention and strip searches described earlier. These Released Claims include any other related complaints, grievances, and/or claims, whether judicial or administrative, and whether actually filed or available. Released Claims do not include any other claim(s) that a Plaintiff or member of the

Settlement Class may have against the District of Columbia for conduct not covered by this settlement, for example, a false arrest or battery by a police officer.

15. If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and choose to remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for Attorneys' Fees. You must give the reason why you think that the Court should not approve the Settlement or the requested Attorneys' Fees (i.e., a mere statement that "I object" will not be sufficient). Do not contact the Court orally to object. Rather, you must send a written statement with the case name and number (*Bynum v. District Of Columbia*, Case No. 02–956(RCL)) at the top of the page. In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, the date of arrest to the extent known, your Driver's License number, your Social Security number, your signature and the reason why you object. If you are represented by a lawyer, you should also give the name, address and telephone number of that lawyer. You must mail your objections and any supporting papers by first-class mail, postmarked no later than December 23, 2005, to:

Clerk of the District Court
United States District Court
333 Constitution Ave., N.W.
Washington, D.C. 20001
Copies must be submitted to:
William Claiborne
Suite 210
717 D Street, N.W.
Washington, D.C. 20004
and to:
Maria Amato

Senior Assistant Attorney General
For the District of Columbia
Equity I, Civil Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001

Submitting an objection will not extend the time within which a Class Member may request exclusion from this Settlement.

A full set of the settlement documents, including the Proposed Final Order of Settlement and the Motion For Award of Attorney's Fees and Costs is available (or will be if the motion for attorney's fees has not yet been filed) on the case website,

16. What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. If you object and the Court rejects your objection, you remain a member of the Class and will be bound by any outcome of the case. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

17. When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?

The Court has scheduled the Fairness Hearing for 10:00 A.M. on February 7, 2006, in the United States District Courthouse for the District of Columbia, 33 Constitution Ave., Washington D.C. 20001, in Judge Lamberth's Courtroom, Room _____, _____ Floor. At this Hearing, Judge Lamberth will consider whether the Settlement is fair, reasonable and adequate and the amount of Attorneys' Fees and costs to be awarded. If there are any objections, the

Court will consider them. After the Hearing, the Court will issue its ruling. We do not know how long this process will take. We do not know if the hearing will be further continued, and there will not be a new notice if it is. You may speak at the Hearing but only if you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorney's Fees, How Do I Tell The Court?"

18. Do I Have To Come To The Hearing?

No. You may, but need not, attend the Hearing. Plaintiffs' Counsel will answer any questions the Court may have. However, you may come if you choose, at your own expense. If you sent a written objection, you do not have to come to Court to talk about it. As long as you properly submitted your written objection, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

19. May I Speak At The Hearing?

You will not be heard unless you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorney's Fees, How Do I Tell The Court?" and have stated in your submission that you wish to be heard. You cannot speak at the Hearing if you exclude yourself.

20. What Happens If I Do Nothing At All?

If you take no action, your rights will be affected. You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement. However, because you did not file a claim, you will not be entitled to any money from the settlement.

21. When Will I Receive Money From the Settlement?

No money will be paid until after the Settlement Funds are deposited with the Class Administrator, and until after the date set by the Court as the last day to mail or file a claim. After that, it will take at least two months, and quite possibly more, to process all the claims, calculate the amount due to each class member and receive the money to send to the class members. If you file a claim and do not receive money within six months after December 23, 2005, which is the last day to mail or file a claim, contact the Class Administrator by either calling 1–_____ or writing to:

Bynum v. District of Columbia Settlement Administrator

P.O. Box _____

Novato, Calif. 94948–6177

We strongly recommend that you keep a copy of your claim form. You may want to send the form in by certified mail so it can be verified, but you are not required to do so.

22. Are There More Details About The Settlement?

This Notice merely summarizes the proposed Settlement. You may go to the website titled _____ to see the complete settlement documents in the case, or a copy of the Motion for Award of Attorney's Fees and Costs when it is filed. In the event that any description in this notice of the terms in the settlement documents conflict with the actual terms of the settlement documents, the terms of the settlement documents control.

## Exhibit D

**Bynum v. District of Columbia et al.**
**Settlement Administrator**

### CLASS ACTION CLAIM FORM

I wish to make a claim against the District of Columbia because between the dates of May 16, 1999, and August 31, 2005, I was in any District of Columbia Department of Corrections facility, and:

1) I was not released by midnight of the day I became entitled to release by court order or expiration of sentence, and/or 2) I appeared in court and the judge ordered me released, and there was no other reason for the District of Columbia to detain me, but I was strip searched before my release.

I understand my entitlement will be determined exclusively by records of the District of Columbia (including the records of the Superior Court of the District of Columbia)

### EXHIBIT E

### *FINAL APPROVAL ORDER*

This Lawsuit having come before this Court for a hearing, as noticed, on _____, 2005, pursuant to this Court's Order Preliminarily Approving Proposed Settlement Between Plaintiffs and Defendant, dated _____, 2005 (the "Preliminary Approval Order") to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of said hearing having been published and given; and all entities that made timely objections to the proposed settlement set forth in the Settlement Agreement dated _____, 2005 and described in the Class and Settlement Notice, having been given an opportunity to present such objections to the Court; and the Court having considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Each term and phrase used in this Final Order and Judgment shall have the same definition and meaning as in the Settlement Agreement, as follows:

a. "Class Administrator"—A firm to be chosen by agreement of the parties, or appointment of the court if the parties cannot agree, to administer the claims process. Any firm so chosen must specialize in such work.

b. "Plaintiff class" or "Class Member(s)"—All Class Members

c. "Named plaintiffs" or "Class Representatives"—The original named plaintiffs in the Amended Complaint to this suit:

d. "Claimant(s)"—Class members who actually file claims pursuant to the procedures set forth in this Agreement.

e. "Class Fund or Class Settlement"—Lump sum payment to be paid by the defendant, totaling $12,000,000, which will be paid and/or distributed and allocated as further described in this Agreement.

f. "Class Fund Attorneys' Fees"—That portion of the Class Fund awarded as attorney's fees and costs to Class Counsel. Litigation costs and the costs of class notice and administration shall constitute a separate cost and will be paid separately from the attorney's fees. The amount of these fees, which will be determined by the Court, will be paid from the portion of the Class Fund that is to be distributed to class members (as opposed to the reversion fund).

g. "Defendant"—The District of Columbia

h. "Department"—The D.C. Department of Corrections.

i. "Fairness Hearing"—The final hearing on the fairness of this Settlement in the District Court, at which the Court will determine whether to approve it.

j. "Named Plaintiffs' Distribution"—The amount of the Class Fund to be distributed to the Named Plaintiffs.

k. *"Plaintiffs"* - As used in this Order, the term "Plaintiffs" refers to all class members who have not opted out of this settlement.

l. "Preliminary District Court approval"—The date, following submission of this Settlement Agreement to the Court by the parties but prior to the conduct of a Fairness Hearing, on which the Court grants initial approval of the Settlement Agreement.

m. "Final District Court approval"—The date, following submission of this Settlement Agreement to the Court by the parties, and after conduct of a Fairness Hearing, on which the District Court grants final approval of the Settlement Agreement.

n. "Plaintiffs' counsel," "Counsel for plaintiffs," or "Class Counsel"—The counsel of record for the plaintiff class. They are William Claiborne, Lynn Cunningham and Barrett Litt, Attorneys at Law.

o. "Counsel for the parties"—Counsel for plaintiffs and counsel for the defendant.

p. "Settlement Funds"—The sum of $12 million the District must pay under the Settlement Agreement.

2. This Court has jurisdiction over this Lawsuit and each of the parties to it.

### Notice

3. As required by this Court in its Preliminary Approval Order: (a) Class and Settlement Notice were mailed by first-class mail to all Class Members or their representatives whose addresses could be obtained with reasonable diligence, and to all potential Class Members who requested a copy; and (b) Class and Settlement Notice was published as set forth in the Settlement Agreement and in the Preliminary Approval Order, all as more fully set forth in the Declaration of the Claims Administrator, dated _____, _____.

4. The notice given to the class is hereby determined to be fully in compliance with requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all parties entitled thereto.

5. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members, except those who have opted out of the settlement (who are listed in Exhibit ____ to this Order) are bound by this Final Order of Approval of Settlement.

### Objections

6. There have been a combined total of _____ objections to the settlement and/or the Motion for an award of attorneys' fees filed. The Court addresses those objections in separate orders. In sum the court concluded

---

[insert discussion of objections, if any, after review].

### Settlement Agreement approved because fair, adequate, and reasonable

7. The settlement of this Lawsuit was not the product of collusion between Plaintiffs and Defendant or their respective counsel, but rather was the result of bona fide and arm's-length negotiation conducted in good faith by the Parties and their

counsel through the United States District Court Mediation Program administered by the Office of the Circuit Executive for the United States Courts for the District of Columbia Circuit, pursuant to LCvR 84. The Settlement Agreement and the settlement set forth therein are hereby approved and found to be fair, adequate, reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

### Class certified under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3)

8. The Court has previously certified both an Overdetention Class and a Strip Search Class under both Fed.R.Civ.P. 23(b)(2) and (b)(3). This is a hybrid class action, certified under Fed.R.Civ.P. 23(b)(2) with regard to seeking injunctive relief on over-detentions, and strip searches of inmates under the definition of the strip search class set forth herein. Therefore, regarding prospective relief, no member of the class may opt-out. With regards to monetary relief, the class is certified under Fed.R.Civ.P. 23(b)(3) and class members have a right to opt out of the monetary relief stage.

9. The Over–Detention Injunctive Relief Class is defined as:

(a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility beginning in the three years preceding the filing of this action on or about May 16, 2002 up to and until the date this case is terminated; and (b) who was not released, or, in the future will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

The Over–Detention Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

2. The Strip Search Injunctive Relief Class is defined as:

Each person who, beginning in the three years, preceding the filing of this action, up until the date this case is terminated, has been, is or will be (i) in the custody of the Department of Corrections; (ii) taken to Court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was returned to a Department of Corrections facility, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was over-detained.

The Strip Search Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

### Class-wide Prospective Relief

3. The plaintiffs' claims for prospective relief regarding the Overdetention and the strip search classes have been resolved by the cessation of the practices of Overdetentions and strip-searching court returns entitled to release. No court order is entered under the terms of the settlement agreement between the parties on these issues. The parties agree that the injunctive relief objective of this agreement is the elimination of over-detentions and

court release strip searches. To that end, the District will, for a period of two years, provide to Class Counsel annually a report on whether 1) it has strip searched any court returns entitled to release absent individualized reasonable suspicion to do so, and whether 2) it has released any detainees or inmates more than 24 hours after the time they become entitled to release, and the reasons therefore.

### Class Counsel

4. The Court reaffirms the appointment of William Claiborne, Lynn Cunningham and Barrett S. Litt as Class Counsel, and, based upon the work that has occurred between the Preliminary Approval Order and the present, reaffirms the findings it made at the time of the Preliminary Approval Order confirming or appointing them.

5. Pursuant to F.R. Civ. P. Rule 23(g)(1)(C)(i), the Court considered the following points in appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, based in part on affidavits submitted by counsel in support of their motions to certify (3) counsel's knowledge of the applicable law, (4) the resources counsel committed to representing the class; as well as other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class. The Court finds that Plaintiffs' counsel have done extensive research in this case, including taking numerous depositions and affidavits and interviewing numerous persons who have knowledge of the case, and thoroughly analyzing the computer records of the District of Columbia. Plaintiffs' counsel are competent to represent the members of the class.

### Payment by the District of Columbia

6. As set forth in more detail in the Settlement Agreement, the District of Columbia agreed to pay a total of Twelve Million Dollars ($12,000,000) in settlement of this Lawsuit. In accordance with the Settlement Agreement, the District of Columbia previously deposited $_____ (_____ Thousand Dollars) into the Class Fund to fund the cost of class notice and related matters.

7. Within 45 days of the Final District Court approval of this settlement, after the time for all appeals and petition for writ of certiorari filed with the U.S. Supreme Court challenging the Court approval of the settlement has lapsed, the District will pay the sum of $12 million ("the Settlement Funds"), less the costs advanced by the District for preparation and publication of the Class Notice and related administrative expenses, which amount shall be deemed to be in exchange for a full and final release of all claims to be contained in the Final Order of Approval of Settlement. The payment will be such that the funds will be deposited and cleared through the appropriate accounts within that 45–day period. How the funds will be used and allocated is addressed below and in the Settlement Agreement.

8. If no appeal or petition for U.S. Supreme Court review has been filed, then the settlement funds will be paid on the timetable set forth in the preceding paragraph. If an appeal or petition for writ of certiorari has been filed, then the District shall distribute the Settlement Funds in accordance with the provisions below within 30 days of the date that all appellate avenues of review (including Supreme Court review) have been exhausted if the settlement is ultimately approved. If the result of the appeal or Supreme Court review is that the settlement is not ultimately approved, then the case shall re-

vert to active litigation, and the District shall have no responsibility to pay any Settlement Funds not previously paid for the costs of class notice and related administrative expenses.

9. The parties agreed that $3 million of the $12 million payment referenced above will revert to the D.C. Department of Corrections to be spent on programs and services which relate to the subject of this complaint (hereafter "reversion fund"). The standards and allocations for the reversion fund are addressed further in ¶ __, *infra*.

10. The parties agreed that $5 million dollars of the settlement amount would be used for the compensation of the plaintiffs and for the administration and distribution of the monetary compensation fund, including the claims verification procedure. The cost of class notice and administration, any costs awarded, and the Named Plaintiffs' Distribution, all addressed elsewhere in this Order, will be paid from this fund. The remainder will be distributed to the Class Members who file claim forms according to the following formula:

a. Overdetentions will receive one point per day for the first two days of overdetention and one point for each additional two days or partial days of overdetention. The maximum number of points to be awarded for an overdetention is 180. Determination of days of overdetention is based solely on the Defendant's records as interpreted by Plaintiffs' experts and the Class Administrator (including as adjusted based on jackets for those whose jackets are available and may be examined by Plaintiffs).

b. Strip searches will be valued based on the following formula, which will be determined solely on the basis of the Defendant's records as inter-

preted by Plaintiffs' experts and the Class Administrator:

i. Anyone who went to trial and was acquitted: 30 points.

ii. First Offenders not charged with offenses involving drugs, prostitution or violence: 25 points

iii. Repeat offenders not charged with offenses involving drugs, prostitution or violence: 15 points.

iv. First Offenders charged with offenses involving drugs, prostitution or violence: 10 points.

v. Repeat offenders charged with offenses involving drugs, prostitution or violence: 5 points.

vi. Women in categories i-ii above will receive an additional 20 points. Women in categories iii-iv will receive an additional 10 points.

c. Despite the foregoing provisions of this paragraph, no person who files and qualifies for a claim will be paid less than $50 for the combination of overdetentions and strip searches, and the final distribution formula will be adjusted accordingly.

11. Plaintiffs shall use their best efforts to insure that distribution of the settlement amount will occur in such a way so that no residual amount of the $5 million compensation fund will remain following final distribution. Thus, to the extent that checks are written to class claimants and not cashed within six months of mailing, the amount remaining will be mailed in a second round of distribution to those class members who did both file claims and cash the checks sent to them. Thereafter, if some residual still remains, that residual amount will revert to the reversion fund discussed above.

### Named Plaintiffs' Distribution

12. The Court approves the Named Plaintiffs Distribution—a total of no more than $200,000 (exclusive of fees and costs). The Court concludes that this award is justified because the Named Plaintiffs made contributions to the class as a whole, justifying awards to them higher than those to the general class. In addition, the Named Plaintiffs' individualized damages claims, including special damages, are a factor in the determination of the sum they receive. Such determinations cannot reasonably be made for class members in general without unduly consuming funds for administrative costs that will otherwise be available for distribution to Class members. Any fees due Class Counsel for their representation of the Named Plaintiffs is encompassed within the Class Fund Attorney's Fees referenced herein.

### Class Fund Attorneys' Fees

13. The parties agreed that the settlement amount shall include all attorneys' fees and costs, and that the Plaintiffs could seek up to 1/3 of the Settlement Funds of $12,000,000 as attorney's fees (exclusive of costs). The Court awards Class Counsel ___ % of the $12,000,000 Settlement Funds as Class Fund Attorneys' Fees, to be allocated among the lawyers who worked on the case by agreement between Class Counsel, as well as costs, disbursements, and expenses, with interest from the date of the deposit of the Settlement Funds at the same rate earned by the Class Fund. Class Fund Attorneys' Fees do not include the costs of pursuing the lawsuit to resolution, the costs after settlement, and the payment of the costs of Class Administration, which are the subject of a separate award of costs. The Class Fund Attorneys' Fees come to a total of $_____. The costs awarded to date are $___. At the conclusion of the Class Administration, when funds are ready to be distributed, the court will make a further award of costs to cover costs to date. Class Counsel are authorized to distribute up to $_____ to the Class Administrator, Rosenthal & Co., for further class administrative costs, without further order of the court. The basis for the Court's award is contained in a separate order. To the extent there is any conflict between this paragraph and the separate fee and costs order, the separate fee order controls. All of the foregoing amounts are to be paid exclusively out of the Settlement Funds without additional contribution or payment by any Defendant.

### Class Administrator

14. The Court reaffirms the appointment of Rosenthal & Company as Class Administrator.

### Allocation and Distribution Plan

15. The Court approves the Allocation and Distribution Plan set forth herein, and directs the Class Administrator to distribute the Class Fund in the manner provided herein.

16. The Administrator shall scale the claims based upon the point system described herein. The Administrator shall compute the number of points due to each Plaintiff, and divide each Plaintiff's number of points into the total number of points to determine each Plaintiff's proportionate share of the Class Distribution. Each individual shall receive the highest point category for which s/he qualifies. To limit the potential effect of multiple arrests and strip searches on the point calculation, no person may receive more than 75 points for their total strip search points.

17. The meaning of each term used above is defined in the following paragraph.

? First Offender—The arrest at issue was the first arrest of the individual based upon the District of Columbia'

Records, including Superior Court records. In the absence of a record showing a prior offense, the individual shall be treated as a first offender.

? Repeat Offender—The arrest at issue was not the first arrest of the individual based upon the District of Columbia' Records, including Superior Court records.

? Violence—The matter on which the individual was arrested was an offense that involved violence or weapons.

? Prostitution—The matter on which the individual was arrested involved a charge of prostitution.

? Drugs—The matter on which the individual was arrested involved possession and/or sale of drugs.

18. As used above, the term "arrest" refers to the most serious charge identifiable from a) the JACCS (Department of Corrections computerized inmate management system) database, and b) the Superior Court for the District of Columbia Database (the "CIS" database).

19. Each Plaintiff's points are to be based exclusively upon information obtained from the District of Columbia's records (including the District of Columbia Superior Court records). The total points will be divided into the available funds, so that a value per point is determined. Each Plaintiff will receive the value of his or her points, except no Plaintiff will receive less than $50.

20. Except for the deposit into the Settlement Funds required by this Order, the District of Columbia will have no further obligations or duties or liability whatsoever with respect to the Settlement Funds except with respect to the reversion amount used to fund the injunctive relief claims. The District of Columbia has expressly made a condition of this settlement that it has no involvement in the class distribution to Claimants.

21. Plaintiffs will undertake all allocation and administrative responsibilities for the settlement consistent with a reasonable and sound system of distribution that is approved by the Court. The Class Administrator shall use its best efforts to distribute the settlement amount in such a way as to insure that no residual amount of money will remain following final distribution. This may require subsequent distributions to class members who file claims if monies attempted to be distributed remain undelivered. If, after all reasonable efforts to distribute the Settlement Funds to class members who have filed claims have been exhausted, and some residual amount still remains, that residual amount will revert to the District of Columbia.

22. At the conclusion of the Class Distribution, the Class Administrator and/or Class Counsel shall submit a report to the court summarizing the payments made to the Class, and seeking any final administrative costs to be approved.

23. Plaintiffs requested injunctive relief as part of the complaint. The parties agreed that $3 million of the $12 million payment referenced above would revert to the D.C. Department of Corrections to be spent on programs and services which relate to the subject of this complaint (the "reversion fund"). These funds may be spent on new staff, services, construction, technology, equipment, programs or other activities otherwise necessary to improve or assist in processing inmates for release and to reduce incidents of over-detention and the need to strip search, without individualized suspicion, inmates who meet the definition of the strip search class. The reversion fund exists to fund the injunctive relief changes necessary to eliminate the over-detentions and strips searches that are the subject of this lawsuit and will be for new programs or activities not previ-

ously budgeted (and specifically not as a part of the general budget).

24. The reversion funds shall be spent as follows:

The parties will insert by 9–30–05 pursuant to mutual agreement, or the matter will be submitted to the court.

[INSERT]

25. Except as otherwise provided in this Order, each party shall bear its own costs, expenses and attorneys' fees.

26. The use of the masculine gender herein is construed to include the feminine and/or the neuter where applicable. The use of the singular herein is to be construed to include the plural where applicable. The use of the plural herein shall be construed to include the singular where applicable.

27. The Court reserves and maintains jurisdiction over this settlement and its provisions, and over the claims administration and distribution of the funds. Disagreements between the parties on any disputes or unresolved aspects of this Order shall be subject to mediation before the mediator who has mediated this case to date. If mediation is not successful, the matter shall be brought to this Court for resolution.

28. The Class Administrator shall distribute the funds within 90 days of either the last day to file a claim form, or the time that the settlement funds are deposited with the Class Administrator, whichever is later. The Class Administrator may have an additional period of time not to exceed 90 days upon the filing of a declaration with the court setting forth the additional time needed and the reasons therefore. The Class Administrator shall file a final report within 60 days after the conclusion of the Distribution regarding the Class Distribution for which it is responsible under this Order.

29. The monetary relief provided for in the Settlement Agreement shall compensate for all alleged violations of rights and all claims and any other incidents of incarceration by the plaintiff class members that were or could have been brought in this civil action under any theory of liability for any claims related to allegedly unlawful over-detentions and strip searches, except as to monetary damages for those class members who choose to opt out.

30. The Court hereby dismisses the Lawsuit on the merits, with prejudice, and without costs, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlement Agreement and this Final Order of Approval of Settlement.

31. Plaintiffs are hereby severally and permanently barred and enjoined, to the fullest extent permitted by law, from filing, commencing, instituting, maintaining, prosecuting or participating in a lawsuit or any other proceeding against District of Columbia involving or based on any of the claims that were brought or that could have been brought in the Lawsuit, either directly or indirectly, representatively, derivatively, or in any other capacity, or that are otherwise encompassed within the Settlement agreement.

32. Plaintiffs have not relied upon the advice of Class Counsel as to the legal and/or tax consequences of this settlement, the payment of any money by the District of Columbia or the distribution of the Settlement Funds.

33. Neither this Final Order of Approval of Settlement, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by the Defendant that any acts of wrongdoing

have been committed, and they shall not be deemed to create any inference that there is any liability therefore. Neither this Final Order of Approval of Settlement, nor the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration, or other tribunal, other than as expressly set forth in the Settlement Agreement.

34. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order of Approval of Settlement.